MGD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James A. Lester III,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | No.  CV 13-1083-PHX-DGC (JFM)<br><br>**ORDER** |

Petitioner James A. Lester III, who is confined in the Arizona State Prison-Kingman, Hualapai Unit, in Kingman, Arizona, filed a Petition for Writ of Habeas Corpus *Ad Prosequendum*.  (Doc. 1.)  Petitioner has also filed a Request for Final Disposition of Probation Revocation Cause/Cha[r]ges-Person in State Custody Pursuant to Federal Rules of Criminal Procedure.  (Doc. 2.)  The Court construes the Petition as one brought under 28 U.S.C. § 2241.  The Court will summarily deny the Petition and the Request, and dismiss this action.

**I.    Background**

On January 28, 2004, Petitioner, in *United States v. Lester*, CR 02-00922-002-PHX-FJM (D. Ariz. 2002), pled guilty to conspiracy to possess with intent to distribute 50 kilograms or more but less than 100 kilograms of marijuana.  Petitioner was sentenced on May 10, 2004, to 27 months in prison followed by 3 years on supervised release.[1]  On

---

[1] *See United States v. Lester*, CR 02-00922-002-PHX-FJM (D. Ariz. 2002) (Doc. 318).

June 24, 2009, a petition to revoke supervised release in Petitioner's federal criminal case was filed and an arrest warrant was issued.[2] On December 11, 2009, Petitioner was convicted in Maricopa County Superior Court, case CR2009-136857, of possession of marijuana for sale (more than 4 pounds) and sentenced to 5 years' imprisonment in the Arizona Department of Corrections.[3] Petitioner is currently serving his state-court sentence in the Arizona State Prison-Kingman. On December 16, 2009, the United States Marshal lodged a detainer against Petitioner pursuant to the arrest warrant issued by the District Court based on the petition to revoke supervised release in Petitioner's federal criminal case. (Doc. 1, Ex. A.)

In his Petition, Petitioner seeks to "be brought to trial within 90 days of the filing of this request" and "hopes to resolve the complaint, warrant, and detainer, in a timely manner so that justice may be served." (Doc. 1 at 2.)

**II.   Federal Habeas Relief Not Available**

Petitioner's petition must be dismissed as habeas relief is unavailable. There is no constitutional right to disposition of supervised release violation charges prior to the expiration of a separate sentence. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976) (holding that parolee, imprisoned for a crime while on parole, was not entitled to an immediate parole revocation hearing on an unexecuted warrant for parole violations and detainer lodged with his present institution of confinement); *Gagnon v. Scarpelli*, 411 U.S. 778, 783 (1973) (finding that rights of probationers and parolees in revocation hearings are fundamentally identical). It is only upon execution of a warrant and custody under that warrant that a petitioner's liberty interests are affected. *Moody*, 429 U.S. at 87 ("loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant").

---

[2] *See United States v. Lester*, CR 02-00922-002-PHX-FJM (D. Ariz. 2002) (Docs. 465, 466).

[3] *See http://www.courtminutes.maricopa.gov/docs/Criminal/122009/m4013001.pdf* (last visited Aug. 5, 2013).

Petitioner here does not contend that the warrant issued has been executed or that he has been taken into custody pursuant to that warrant. Thus, he has no right to disposition of the supervised release violation warrant prior to the expiration of his current sentence. *See id.* at 86-87; *see also United States v. Garrett*, 253 F.3d 443, 447-48 (9th Cir. 2001) (government's postponement of plaintiff's revocation hearing until release from state custody does not violate 18 U.S.C. § 3583(i)). Accordingly, Petitioner's Petition and this action will be summarily dismissed.

**IT IS ORDERED:**

(1) The Petition (Doc. 1) and Request (Doc. 2) are **denied** and this action is **dismissed**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 13th day of August, 2013.

David G. Campbell
United States District Judge